UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN HOFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 03:11-CV-00623-LRH-WGC |
| v. ) | |
| ) | |
| WALCO INTERNATIONAL, INC., a foreign ) | ORDER |
| corporation ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This is a defamation action. Before the court is defendant Walco International, Inc.'s ("Walco's") Motion for Summary Judgment (#23[1]). Plaintiff Brian Hoff has responded (#26), and Walco has replied (#28).

### I. Facts and Procedural History

Walco is in the business of selling animal health products and services. (Walco's Motion for Summary Judgment ("MSJ") #23, Ex. 2, p. 17:20-18:8.) In March 2006, Walco hired Hoff as a salesman. (*Id*. at Exs. 3, 4.) In 2011, Walco incurred two complaints from his coworkers, one from Kristen Ernst and one from Jennifer Welch.[2] (*Id*. at Ex. 6, Attachments B, C.) These complaints

---

[1] Refers to the court's docket number.

[2] The parties address other complaints made against Hoff, but these complaints form the basis of the defamation claim.

alleged that Hoff had acted unprofessionally–coming to work with a hangover, disparaging subordinates in front of one another, making inappropriate comments. (Id. at Ex. 6, Attachment E.) Following an investigation into these complaints, Walco terminated Hoff on July 19, 2011.

Hoff alleges that Walco defamed him by repeating Ernst and Welch's defamatory complaints to other corporate employees. Walco now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Community Hospital*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson School District No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A

2

dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III. Discussion

In Nevada, the plaintiff bears the burden of proving four elements in a defamation claim: "(1) a false and defamatory statement; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Clark County School District v. Virtual Education Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009). However, the defendant bears the burden of proving that a publication is "privileged." *Pope v. Motel 6*, 114 P.3d 277, 284 (Nev. 2005). Privileged publications include intracorporate communications that occur "in the regular course of the corporation's business." *Id.* (quoting *Simpson v. Mars Inc.*, 929 P.2d 966, 968 (Nev. 1997)).

Here, Walco asserts the defense of intracorporate privilege. The parties do not dispute that all allegedly defamatory statements were made to management and human resources personnel at Walco (and at Walco's parent company). Furthermore, all allegedly defamatory statements were made in the course of the investigation into the complaints against Hoff. (*See* Walco's MSJ #23 at Ex. 2, pp. 23:10-18; 108:20-25.) And such investigations complied with the company's "policies and procedures." (*Id.* at Ex. 5, ¶ 5 (noting that "actions in investigating the complaints against Mr. Hoff . . . were proper and complied with the Company's policies and procedures"); *id.* at Ex. 6, Attachment A (suggesting that "Company policy" includes investigating employee complaints); *id.* at Ex. 9, ¶ 10 (stating that records of the investigation and termination were kept "in the regular course of business").) Therefore, the defamatory statements were privileged intracorporate communications made "in the regular course of the corporation's business." *Pope*, 114 P.3d at 284. *See also Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 105 (Nev. 1983) ("A qualified or

3

1  conditional privilege exists where a defamatory statement is made in good faith on any subject
2  matter in which the person communicating has an interest, or in reference to which he has a right or
3  a duty, if it is made to a person with a corresponding interest or duty.").

4  However, Hoff argues that Walco abused, and thus waived, the intracorporate privilege by
5  acting with "malice in fact." "A conditional privilege [like the intracorporate privilege] may be
6  abused by publication in bad faith, with spite or ill will or some other wrongful motivation toward
7  the plaintiff, and without belief in the statement's probable truth." *Circus Circus*, 657 P.2d at 105
8  n. 2 (citing *Gallues v. Harrah's Club*, 491 P.2d 1276, 1277 (1971)). If Walco published the
9  allegedly defamatory statements with malice, there is a genuine issue of fact as to whether the
10 statements are protected by the intracorporate privilege. *See id*. at 105.

11 Hoff has not provided evidence upon which a reasonable jury could find that Walco acted
12 with malice. *See Liberty Lobby*, 477 U.S. at 248. First, the gravamen of malice in fact is the
13 defamer's reckless disregard for the truth–a "high degree of awareness of the statement's probable
14 falsity." *Williams v. University Medical Center of Southern Nevada*, 688 F. Supp. 2d 1134, 1147
15 (D. Nev. 2010). Hoff has presented no evidence that Walco had such an awareness.[3] Furthermore,
16 the Ernst and Welch complaints themselves were not likely to trigger such an awareness since Hoff
17 had incurred similar complaints in the past.[4] (*See* Walco's MSJ #23 at Ex. 6, Attachment A.)

---

[3] Hoff's main evidence for "bad faith, [ ] spite or ill will" arises from an alleged 2006-era grudge held against him by his supervisor, Mark Ziller. Hoff stated that "[Ziller] offered me a job in 2006, and I turned him down, and I believe [the wrongful termination is] payback." (Hoff's Response #26, Ex. 2, p. 110:13-15.) But then Ziller's "vendetta" goes to Hoff's termination, not the publication of allegedly defamatory statements. Hoff also alleges that Ernst and Welch lodged their complaints against him in bad faith. More than bad faith is necessary to establish malice, however: "the [malice] inquiry concerns the defendant's belief regarding truthfulness of the published material" rather than "the defendant's attitude toward the plaintiff." *Williams*, 688 F. Supp. 2d at 1147.

[4] And, in fact, Hoff's termination letter referenced these earlier complaints as contributing to his ultimate termination. (Walco's MSJ #23 at Ex. 6, Attachment E.)

4

Without evidence of reckless disregard for the truth, Hoff cannot prove malice in fact.[5]

IV.   **Conclusion**

For the foregoing reasons, Hoff has failed to rase a genuine issue of fact with respect to the application of the intracorporate privilege.[6] The privilege applies, and Hoff's defamation claim must fail. Summary judgment is therefore appropriate.

IT IS THEREFORE ORDERED that Walco's Motion for Summary Judgment (#23) is GRANTED. The Clerk of Court is directed to enter final judgment against Hoff and in favor of Walco.

IT IS SO ORDERED.

DATED this 23rd day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[5] Even assuming the doubtful proposition that Walco may be vicariously liable for Ernst and Welch's alleged defamatory complaints, the intracorporate privilege would still apply for the reasons discussed above. *See, e.g, Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 578 (Tex. 2002) (holding that workplace misconduct complaints do not give rise to *respondeat superior* liability).

[6] Hoff has abandoned his prayer for injunctive relief and his claim for self-defamation by failing to respond to Walco's motion for summary judgment on these issues. *See* Local Rule 7-2(d).